IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERGIO GARCIA FLORES, ) | | |
| ID # 54376-079, ) | | |
|                 Movant, ) | | No. 3:15-CV-2851-G-BH |
| vs. ) | | No. 3:13-CR-93-G-BH |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
|                 Respondent. ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received September 1, 2015 (doc. 1), should be **DENIED** with prejudice.

**I.  BACKGROUND**

Sergio Garza Flores (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-93-G.  The respondent is the United States of America (Government).

**A.**     **Plea and Sentencing**

On March 19, 2013, Movant was charged by indictment with illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a), (b)(2).  (*See* doc. 1.)[1]  He pled guilty to the indictment on September 4, 2013.  (*See* doc. 30.)  In the supporting factual resume, Movant admitted that on or about February 15, 2013, in the Dallas Division of the Northern District of Texas, he was an alien found in the United States after having been removed on or about October 9, 1999, and he had not received the express consent of the United States Attorney General or the

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-93-G.

Secretary of Homeland Security to reapply for admission since the time of his previous removal. (*See* doc. 15 at 3-4.) It stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See id*. at 3.) He understood the nature and elements of the crime and agreed that the factual resume was true. (*See id*.) It set out the range on punishment and stated that he discussed the federal sentencing guidelines with counsel. (*See id*. at 2.) He understood that the sentence would be imposed by the Court after consideration of the sentencing guidelines, and that the guidelines were advisory and not binding. (*See id*.) He reviewed his constitutional rights, the facts of the case, the elements of the offense, and the statutory penalties with counsel. (*See id*. at 4.)

On September 4, 2013, Movant and counsel appeared for his guilty plea, and he testified under oath. (*See* doc. 30.) He understood the charge against him and the range of punishment. (*See id*. at 3-4.) He discussed with counsel the charges, sentencing, and the application of the sentencing guidelines. (*See id*. at 3-5.) He understood the judge's authority to determine the sentence and the role of the advisory guidelines. (*See id*. at 4-6.) He understood his constitutional rights and knew that a guilty plea waived his rights. (*See id*. at 7-8.) No one made any promise to induce him to plead guilty and no one forced him to plead guilty. (*See id*. at 9.) He admitted that the stipulated facts in the factual resume were true. (*See id*. at 7.) He pled guilty, and the Court accepted his guilty plea based on a finding that it was knowing and voluntary. (*See id*. at 7, 9.)

On November 20, 2013, the United States Probation Office (USPO) filed a Presentence Report (PSR). (*See* doc. 19-1.) The PSR stated that Movant was arrested by Drug Enforcement Administration agents on February 12, 2013, while he was in a vehicle with another person involved

in a drug transaction with undercover agents. (*See id*. at 3 ¶ 2, 9 ¶ 48.) On February 15, 2013, he was taken into administrative custody by United States Immigration and Customs Enforcement (ICE), and on March 22, 2013, he was transferred to federal custody for the offense of illegal reentry. (*See id*. at 3 ¶ 2.)

The PSR applied the 2013 United States Sentencing Guidelines Manual (USSG). (*See id*. at 5 ¶ 20.) The base offense level was 8. (*See id*., ¶ 21.) Sixteen offense levels were added under USSG §2L1.2(b)(1)(A)(i) because he had previously been removed from the United States after a felony conviction for a drug trafficking crime. (*See id*., ¶ 22.) Two levels were reduced for acceptance of responsibility, resulting in a total offense level of 22. (*See id*. at 6 ¶¶ 28-29.) His criminal history category was four. (*See id*. at 7 ¶ 35). The resulting guideline range was 63 to 78 months of imprisonment. (*See id*. at 10 ¶ 56.)

At the sentencing hearing on January 8, 2014, the Court adopted the factual content of the PSR. (*See* doc. 31 at 3.) It granted counsel's request for downward variance of one level, took into account the six weeks Movant was in pretrial custody, and assessed a sentence of 60 months' imprisonment. (*See id*. at 3-9.) Movant's appeal was dismissed as raising no non-frivolous grounds. (*See* doc. 39; *United States v. Flores*, No. 14-10160 (5th Cir. June 1, 2015)).

**B.    Substantive Claims**

Although not clearly stated, it appears that Movant raises the following grounds:

(1)  There was prosecutorial misconduct and a lack of jurisdiction, because illegal reentry is a civil matter and not a criminal matter;

(2)  His arrest violated the Fourth Amendment and information obtained from that arrest should not have been used;

(3)  The use of prior convictions for enhancement was double jeopardy;

    (4) Counsel was ineffective for:

        (a) recommending a guilty plea in a civil matter;

        (b) failing to advise him that he had a right to bail;

(3:15-CV-2851-G, doc. 2 at 4-8.) The Government filed a response to the § 2255 motion on November 16, 2015. (*Id.*, doc. 10.) Movant filed a reply on December 18, 2015. (*Id.*, doc. 11.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  NATURE OF CASE

Movant contends that illegal reentry is a civil matter, and not a criminal matter. Illegal reentry is a crime under 8 U.S.C. § 1326(a), however. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998) ("[s]ubsection (a) of 8 U.S.C. §1326 defines a crime"). Movant has not shown that he is entitled to relief on this claim.

### IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant contends that counsel was ineffective for recommending that he plead guilty in this civil matter and for failing to advise him that he had a right to release on bail.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish

prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770–71 (1970)).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

**A.     Nature of the Case**

Movant contends that counsel was ineffective for recommending that he plead guilty to a civil matter. As noted, illegal reentry is a crime. *See Almendarez-Torres*, 523 U.S. at 226. Counsel did not recommend that he plead guilty to a civil matter, and Movant is not entitled to relief on this claim.

**B.     Bail**

Movant contends that counsel failed to advise him that he had a right to release on bail. He asserts that if he had been released on bail, he could have assisted in the preparation of his defense.

Movant does not assert that he would have pled not guilty had counsel advised him about bail. He has not shown that his guilty plea was involuntary on that basis. His claim also lacks merit.

The Government filed a motion for detention, alleging that there was serious risk that he would flee. (*See* doc. 4 at 1.) Movant signed a waiver of a detention hearing. (*See* doc. 8.) He stated that he had been informed of his right to a detention hearing and he waived the hearing, but he reserved his right to ask for a detention hearing if he were able to obtain a bond from ICE while the criminal case was pending. (*See id.*) The waiver shows that Movant was aware that he had a right to a detention hearing to determine whether he should be released on bail. Movant has not

shown that he would have been granted bail if he had exercised his right to a detention hearing at that time. Even if he had been granted a bond in the criminal case, he would have been released to the custody of ICE. He has not shown that he would have obtained a bond from ICE. He also does not allege how he could have better assisted in the preparation of a defense if he had been released on bail. Movant has not shown that he is entitled to relief on this claim.

## V.  FOURTH AMENDMENT CLAIM

Movant contends that his arrest was illegal, and that the information obtained from the arrest should not have been used against him.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Henderson*, 411 U.S. at 267. The Court accepted Movant's guilty plea based on a finding that it was knowing and voluntary. Because Movant has not specifically alleged, and he has not shown, that his guilty plea was involuntary, this claim was waived. *See Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982) (voluntary guilty plea "waives all non-jurisdictional defects in the proceedings against a defendant."). To the extent that he asserts that counsel was ineffective for failing to file a motion to suppress based on a Fourth Amendment violation, that claim is also waived. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (guilty plea waived claim of ineffective assistance of counsel for failure to challenge the legality of the defendant's arrest).

## VI.  DOUBLE JEOPARDY

Movant appears to allege that the use of prior convictions to increase his sentence through increases to the offense level constituted double jeopardy. The use of a prior conviction for

8

enhancement of a sentence does not constitute additional punishment for the prior offense. *United States v. Wallace*, 889 F.2d 580, 584 (5th Cir. 1989). Movant is not entitled to relief on this claim.

## VII. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## VIII. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 27th day of July, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE